The facts in this case appear in the opinion of the court delivered by
Horn blower, C. J.
This cause was tried at the last Atlantic circuit, and a verdict rendered for the plaintiff; and now upon the coming in of the postea, the plaintiff moves for judgment. This, motion.is opposed by the defendants on the ground, that no pleadings, except a declaration, have ever been filed in this cause. Such in fact, turns out be the case. Some of the pleadings, which seem to have been extended to a surrejoinder, it is true, are in the possession of the plaintiff’s attorney, and are produced here by him, but have never been on file. These defendants appeared by different attorneys, as they had a right to do and though the pleadings purport to be put in by both their attorneys for their respective clients, yet they are signed by one attorney only. It is now alleged by the plaintiff’s counsel that it was so *327 done by an agreement and understanding to that effect, between the respective attorneys for the defendants, and that he carried the cause down to trial, in the confidence that it had been so agreed between them, and that such agreement would be carried out in good faith. But any such agreement is denied or at least disavowed by the counsel, who appears here for one of the defendants, and we cannot inquire into the fact; the agreement, if any, not having been reduced to writing and signed by the parties or their attorneys, as the rule and practice of the court requires.
If the parties will now consent to perfect the issues, and put all the pleadings on file, nunc pro tune, we might get along with the case ; but this they will not consent to do ; and consequently the trial and verdict must pass for nothing.
We take this occasion to condemn in the most decided terms, the practice of attorneys making up a circuit record, and affixing the signature of the clerk and the seal of this court, to a certificate certifying the contents to be a true transcript of the pleadings on file in the cause, when in truth and in fact, no pleadings have ever been filed.
For the convenience and accommodation of practitioners, the clerk, with the sanction of the court, has permitted them to affix his name and the seal of the court to certificates, where the clerk himself, could truly certify the matter set forth in the certificate. The court, in such eases, for the purpose of giving validity to the proceedings and facilitating business, has recognized such signature and seal, considering the attorney as the duly authorized clerk or deputy of the clerk of this court, for that purpose. But the clerk can give no implied or express authority to attorneys to certify that which is not true; he has no right to do so. Nor can the court recognize the attorney as the deputy of the clerk to do for him and in his name, an act which the clerk himself has no right to do.
The verdict therefore in this case must be set aside; and as both parties participated in the irregularities which have taken place, let the costs that have accrued abide the event of the cause.
Verdict set aside and a new trial granted.